UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUPERIOR PAINTLESS DENT REMOVAL, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 06 CV 1610 Judge Bucklo |
| SUPERIOR DENT REMOVAL, INC., | ) ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**DEFENDANT'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, SUPERIOR DENT REMOVAL, INC., by and through its attorneys, SWANSON, MARTIN & BELL, LLP, moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II, and III of plaintiff's Complaint, with prejudice, and in support thereof, states as follows:

**Introduction and Standard of Review**

1. On March 23, 2006, Plaintiff filed a three-count complaint against Superior Dent Removal, Inc. ("Superior Dent"), asserting the following causes-of-action: (1) service mark infringement pursuant to Section 43(a) of the Lanham Trademark Act (15 U.S.C.A. § 1125(a)); (2) trademark infringement, pursuant to the Illinois Trademark Registration and Protection Act (765 ILCS 1036/60(a)); and (3) deceptive trade practices, pursuant to the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510).

2. When considering a 12(b)(6) Motion to Dismiss, the court accepts all well-pleaded allegations in a complaint as true, and draws all reasonable inferences in favor of the non-movant. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

3.      Dismissal under Rule 12(b)(6) is appropriate where the complaint "plainly reveals that an action is untimely under the governing statute of limitations". *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

4.      Statutes of limitation periods are recognized by all courts of law and represent a well-settled doctrine that it is unjust to fail to put a potential adversary on notice to defend an action within a specified period of time and that the right to be "free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111*;* 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979), citing *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349 (1944).

5.      In this case, Defendant is entitled to the dismissal of all three counts of the plaintiff's Complaint, with prejudice, as each of these individual counts is time-barred because of the doctrine of laches and expiration of the relevant statute-of-limitations period.

## Count I of Plaintiff's Complaint is Time-Barred on Account of the Doctrine of Laches

6.      Plaintiff alleges in its complaint that it became aware of the existence of the defendant's business, "Superior Dent Removal", on or around January of 2001. (*See* ¶¶19 and 20 of plaintiff's Complaint.)

7.      After the Plaintiff made this discovery, plaintiff allegedly contacted defendant's president on several different occasions about this issue and demanded that defendant immediately terminate the use of "Superior Dent Removal" as its servicemark. [1]  (*See* ¶¶ 21, 23, and 26 of plaintiff's Complaint.)

8.      Plaintiff allegedly became fearful that consumers would become confused with the names of plaintiff's and defendant's respective businesses due to defendant's use of the term

---

[1] A servicemark is defined by the Illinois Trademark Act as "any word, name, symbol, or device or any combination thereof used by a person, to identify and distinguish the services of one person, including a unique service, from the services of others, and to indicate the source of the services, even if that source is unknown.' 765 ILCS 1036/5.

"Superior Dent Removal" in connection with defendant's business in 2001. (*See* ¶¶ 19, 21 of plaintiff's Complaint.)

9.      In the interim, Plaintiff's investigation allegedly revealed that Defendant incorporated as "Superior Dent Removal, Inc." with the State of Illinois on April 2, 2001. (*See* ¶¶ 28 of plaintiff's Complaint.)

10.     In response, Plaintiff then allegedly sent a "cease and desist" letter to defendant on May 21, 2001, once again demanding the termination of the defendant's use of "Superior Dent Removal" as a servicemark. (*See* ¶¶ 29 of plaintiff's Complaint.)

11.      Even though Plaintiff discovered the alleged similarity of the Plaintiff's and Defendant's business names and servicemarks and was concerned about the ramifications of such similarity, Plaintiff took no further action regarding defendant's alleged use of "Superior Dent Removal" as its service mark until March of 2005. At that time, Plaintiff sent another "cease and desist" letter to defendant, once again demanding termination of the "Superior Dent Removal" servicemark. (*See* ¶31 of plaintiff's Complaint).

12.     The equitable doctrine of laches is an affirmative defense to applicable to claims brought under Section 1125(a) of the Lanham Trademark Act, when a plaintiff inexcusably delays taking action against a defendant for use of an allegedly-infringing mark. *Chattanoga Mfg., Inc., v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002).

13.     Since the Lanham Act does not contain a statue of limitations period, federal courts defer to analogous states' statutes of limitations to determine whether a presumption of laches applies. *Wilson v. Garcia*, 471 U.S. 261, 266-67, 85 L.Ed. 2d 254, 105 S. Ct. 1938 (1985). ("When Congress has not established a time limitation for a federal cause-of-action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.)

14.     When considering the applicability of the doctrine of laches and the timeliness of the filing of an action predicated under the Lanham Act, the federal courts in this circuit have found that the most analogous Illinois statute-of-limitation period in the context of a Lanham Act claim, is the three-year statute of limitation period as specified in the Illinois Deceptive Practices Act, 815 ILCS 505/10a. *Chattanoga*, 301 F.3d at 793; *Hotwax, Inc. v. Warsaw Chem. Co., Inc*., 45 F.Supp. 2d 635, 647 (N.D. Ill. 1999); *Kitchen Connection, Inc. v. Pampered Chef Ltd*., 1999 U.S. Dist. LEXIS 18669, No. 98 C 4321, 1999 WL 1101231 (N.D. Ill. Dec. 1, 1999); *Zenith Elecs. Corp. v. Exzec, Inc.*, 1997 U.S. Dist. LEXIS 20762, No. 93 C 5041, 1997 WL 798907 (N.D. Ill. Dec. 24, 1997).

15.     The primary purpose of a statute of limitations period is to require parties to take action regarding potential before losing their right to sue.  *Chattanoga*, 140 F. Supp. 2d 917, 932.

16.     Such a requirement of action is necessary in order to ensure that disputes are uncovered early enough to be easily resolved through settlement or court adjudication without prejudice to either side.  *Chattanoga*, 140 F. Supp. 2d 917, 932.

17.     Under Illinois law, the statute of limitations period accrues for purposes of the Illinois Deceptive Practices Act, when the potential plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that the injury was wrongfully caused. *Dreisilker Electric Motors, Inc. v. Rainbow Electric Company*, 562 N.E.2d 970, 203 Ill.App.3d 304 (2d Dist. 1990).

18.     Here, the doctrine of laches is squarely applicable to time-bar plaintiff from bringing forth any claims under the Lanham Act; when it is unquestioned that the plaintiff waited until March of 2006 -  5 years after a cause of action potentially accrued under the Lanham Act – to seek redress against the Defendant  even though the plaintiff admittedly was aware of defendant's use of "Superior Dent Removal" as a servicemark back in January of 2001.

4

19.     Yet, even in light of the discovery of these potential claims and the affirmative steps taken by the Plaintiff between January and May of 2001, the Plaintiff failed to seek any possible redress under the Lanham Act until May of 2006.

20.     It is incontrovertible that dismissal of Count I is warranted in this matter on laches and statute of limitations grounds, as plaintiff unquestionably delayed taking action with respect to asserting a claim under the Lanham Act, which correspondingly prejudices the defendant after it was in business and actively servicing clients for over five years. (*See* ¶¶19, 20, 22, 28, and 32 of Plaintiff's Complaint).

### Count II Must Be Dismissed On Statute-of-Limitations Grounds

21.     In Count II, plaintiff asserts a cause of action under the Illinois Trademark Registration and Protection Act ("Illinois Trademark Act"). (765 ILCS 1036).

22.     The Illinois Trademark Act does not contain an explicit statute-of-limitations period in which to bring suit.

23.     The intent of the Illinois Trademark Registration and Protection Act is to provide a system of state trademark registration and protection, substantially consistent with the federal system of trademark registration and protection as provided under the Lanham Act.  (765 ILCS 1036/90).

24.     To achieve consistency with the Lanham Act, the Illinois Trademark Act provides that the construction given to the Lanham Act shall be examined as persuasive authority when interpreting and construing the Illinois Trademark Registration and Protection Act.  (*See* 765 ILCS 1036/90).

25.     As previously addressed in this brief, various federal courts in this circuit have found that the applicable statute-of-limitation period for an action filed under the Lanham Act corresponds to a three-year statute of limitation period provided by the Illinois Deceptive Practices Act.

5

26.     Analogously, the corresponding relevant statute-of-limitation period for an action under the Illinois Trademark Act, which is patterned after the Lanham Act, must also provide for a three-year statute of limitation as specified under the Illinois Deceptive Practices Act.

27.     Plaintiff alleged that it became aware of a possible violation of the Illinois Trademark Act in January of 2001, when it learned of the defendant's use of the term "Superior Dent Removal" in its business dealings.

28.     Yet, the Plaintiff failed to seek any relief under the Illinois Trademark Act within three years of discovering any potential claims.

29.     As a result, Count II of the plaintiff's Complaint must be dismissed, with prejudice, as it was filed well beyond three years of discovery of the alleged violation of the Illinois Trademark Act.

**Count III of the Plaintiff's Complaint Must Be Dismissed on Statute-of-Limitations Grounds**

30.     In Count III, the plaintiff alleges that the defendant violated the Illinois Uniform Deceptive Trade Practices Act, as promulgated under 815 ILCS 510, by using the name "Superior Dent Removal, Inc." that was similar to plaintiff's business name and servicemark.

31.     If an action is not brought under the Uniform Deceptive Trade Practices Act within three years after a cause-of-action accrued, the action for damages is otherwise forever barred. 815 ILCS 505/10a(e).

32.     Federal courts have found that the three-year statute-of-limitation period, as provided under 815 ILCS 505/10a(e) applies to claims under the Illinois Uniform Deceptive Trade Practices Act. *Chattanoga* 140 F. Supp. 2d at 931.

33.     Dismissal of the plaintiff's action filed under the Illinois Deceptive Trade Practices Act is proper, since the plaintiff was allegedly aware of a possible violation under the Act for the use of the plaintiff's and defendant's competing servicemarks and business names in January of

2001. Such knowledge is further amplified by plaintiff's "cease and desist" letter sent to defendant in May of 2001 regarding this actual issue. (*See* ¶¶ 19-29 of plaintiff's Complaint.) However, plaintiff did not take legal action to pursue such a claim until March of 2006, when plaintiff filed suit. (*See* ¶31 of plaintiff's Complaint.)

34.     Consequently, plaintiff was required to initiate Count III of its Complaint, seeking redress under the Illinois Deceptive Trade Practices Act no later than January of 2004, in order to preserve a claim within the requisite three-year statute-of-limitation provisions. 815 ILCS 505/10a(e); *Dreisilker Electric Motors, Inc. v. Rainbow Electric Company*, 562 N.E.2d 970, 203 Ill.App.3d 304 (2d Dist. 1990).

35.     Here, the plaintiff untimely waited until March of 2006 to seek recourse under the Illinois Deceptive Trade Practices Act— two years after the requisite statute-of-limitation period expired.

36.     By virtue of this delay, defendant is entitled to dismissal of Count III of the plaintiff's Complaint, with prejudice.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Counts I, II, and III, with prejudice, and grant such other and further relief as this Court deems fair and just.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**


By:     /s/ Ross W. Bartolotta


Bruce S. Terlep /Ross W. Bartolotta
**SWANSON, MARTIN & BELL, LLP**
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
(630) 799-6900
A.R.D.C. No. 6224433

7