IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUPERIOR PAINTLESS DENT          )
REMOVAL, INC.,                   )
                                 )
        Plaintiff,               )
                                 )    No. 06 C 1610
    v.                           )
                                 )
SUPERIOR DENT REMOVAL, INC.,     )
                                 )
        Defendant.               )

## MEMORANDUM OPINION AND ORDER

Before me is a motion to dismiss under FED. R. CIV. P. 12(b)(6)
brought by defendant Superior Dent Removal, Inc. Plaintiff
Superior Paintless Dent Removal, Inc. has brought a three-count
complaint against the defendant alleging (1) service mark
infringement under Section 43(a) of the Lanham Act, 15 U.S.C.A. §
1125(2) (2006) (Count I), (2) trademark infringement under the
Illinois Trademark Registration and Protection Act, 765 ILL. COMP.
STAT. ANN. 1036/60(a) (2006) ("Illinois Trademark Act") (Count II),
and (3) deceptive trade practices under the Uniform Deceptive Trade
Practices Act, 815 ILL. COMP. STAT. ANN. 510 ("Trade Practices Act")
(Count III). Defendant contends that Count I is barred by the
doctrine of laches and that Counts II and III are barred by the
applicable statutes of limitations. For the following reasons, I
deny defendant's motion.

I.

I.

In assessing defendant's motions to dismiss, I must accept all well-pled facts in plaintiff's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper only if defendant can prove no set of facts to support that claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). My review is limited to the pleadings on file, so I must exclude from my analysis any factual assertions either party made in their papers related to the motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996).

II.

The relevant facts as alleged in the complaint are as follows: plaintiff alleges that it began using the service mark "Superior Dent" in November of 2000, and that it has owned the Illinois Servicemark Registration for the mark "Superior Paintless Dent Removal" since April of 2001. It alleges that it became aware in January of 2001 that defendant was using "superior dental removal" as a service mark. The complaint states that plaintiff contacted defendant to notify it of plaintiff's servicemark, and engaged in negotiations about the use of the servicemark for the next few

2

months, in addition to writing a cease-and-desist letter. The complaint does not allege another objection by plaintiff to defendant's use of its servicemark until March of 2005, when plaintiff's attorney wrote another cease and desist letter. The complaint also details numerous instances of "actual consumer confusion" that occurred in 2001, 2003, 2004 and 2005.

Based on these allegations, defendant first argues that Count I of plaintiff's complaint is barred by the doctrine of laches, an affirmative defense. A plaintiff need not anticipate affirmative defenses in its complaint, but it may "plead itself out of court" by "set[ting] forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)). To establish laches as an affirmative defense in a trademark infringement case, the defendant must show that (1) the plaintiff had knowledge of defendant's use of an allegedly infringing mark, (2) the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and (3) the defendant would be prejudiced by allowing the plaintiff to assert its rights. *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002) (citing *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999)). Here, from the face of plaintiff's complaint it is not clear that these elements are present. The face of the

3

complaint does show that, as early as 2001, plaintiff had knowledge of defendant's use of an allegedly infringing mark, but it does not demonstrate that the delay was inexcusable or that the defendant would be prejudiced by allowing plaintiff to bring its claims now. These elements may be met in this case, but it is inappropriate to resolve this issue on a motion to dismiss.

Defendant next contends that Count II of plaintiff's complaint, a claim under the Illinois Trademark Act, should be dismissed because it is barred by the statute of limitations. As with the doctrine of laches, if a plaintiff pleads facts that show that his claim is time-barred, he can "plead[] himself out of court." *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993) (internal citations omitted) ("A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations . . . can be dismissed on a motion to dismiss."). However, as plaintiff points out, the Illinois Trademark Act does not have a statute of limitations. It does provide that the construction given the Lanham Act be "persuasive authority for interpreting and construing" the Illinois Trademark Act. 765 ILL. COMP. STAT. ANN. 1036/90. However, I can find no cases supporting defendant's claim that this provision confers a statute of limitations on the Illinois Trademark Act since the Lanham Act itself does not have a statute of limitations. Cases construing the Lanham Act do refer to the three-year statute of limitations

4

for the Illinois Consumer Fraud and Deceptive Business Practices Act ("Business Practices Act"), 815 ILL. COMP. STAT. ANN. 505/10a(e), in assessing whether the unreasonable delay prong of the doctrine of laches should apply to particular claims, see, e.g., Chattanoga Mfg., 301 F.3d at 793-94, but this does not confer the statute of limitations for the Business Practices Act onto the Illinois Trademark Act. Furthermore, if defendant's argument is that I should dismiss plaintiff's Illinois Trademark Act claim under the doctrine of laches, that argument is unavailing for the same reasons I will not dismiss plaintiff's claim under the Lanham Act.

Finally, defendant contends that plaintiff's claim under the Trade Practices Act should be dismissed because the statute of limitations has expired. The Trade Practices Act does not set forth a statute of limitations, but defendant contends that the three-year statute of limitations under the Business Practices Act applies to the Trade Practices Act. However, the citation defendant cites for this proposition does not support it, see Chattanoga Mfg., Inc. v. Nike, Inc., 140 F. Supp.2d 917, 931 (N.D. Ill. 2001) (stating that a court should look to the statute of limitations for the Business Practices Act in applying the doctrine of laches to claims brought under the Lanham Act), and I can find no other federal or Illinois precedent supporting defendant's contention. Any doctrine of laches defense defendant wishes to

raise as to this count cannot be resolved at this stage of the litigation, as described above.  Therefore, defendant's motion to dismiss Count III is denied.

III.

For the above reasons, defendant's motion to dismiss is denied.

**ENTER ORDER:**

*Elaine E Bucklo*
_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 29, 2006